IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:12-CV-00160-RLV-DSC

BOLIER & COMPANY, LLC, and )
CHRISTIAN G. PLASMAN, )
        Plaintiffs, )
v. ) **ORDER**
DECCA FURNITURE (USA) INC., )
DECCA CONTRACT )
FURNITURE, LLC, and RICHARD )
HERBST, )
        Defendants. )

DECCA FURNITURE (USA) INC., )
        Third-Party Plaintiff, )
v. )
CHRISTIAN J. PLASMAN a/k/a )
BARRETT PLASMAN, )
        Third-Party Defendant. )

**THIS MATTER** is before the Court on Defendant Decca Furniture (USA) Inc.'s ("Decca USA's") Motion for Reconsideration (Doc. 17) of the Court's prior Order (Doc. 15) addressing Decca USA's Motion to Expedite Briefing Schedule (Doc. 6).

The Court's November 1, 2012, Order focused on the following issue: whether the fiduciary duties owed by the majority shareholder of a closely held North Carolina limited-liability corporation to a founding minority shareholder, who is also an employee under a written

1

contract, extend to issues affecting that employment. Deeming this balancing of shareholder rights to be sufficiently complex and the allegations of irreparable harm to be insufficiently exigent, the Court denied Defendant Decca USA's Motion to Expedite and preserved the standard deadlines for the parties to submit their memoranda.

Defendant Decca USA here requests that the Court reconsider its November 1 Order, primarily in light of new evidence, namely, that the Plasmans have in fact taken steps to remove Bolier & Company assets from Decca USA's control. (Doc. 17-1 at 2–4); *see Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005) (noting that reconsideration of a prior interlocutory order is appropriate where "(2) there is additional evidence that was not previously available").

As previously discussed, Defendant Decca USA is a fiduciary relative to the corporation itself and to Plaintiff Plasman as minority shareholder; accordingly, Decca USA may not deprive Plaintiff of his "reasonable expectations" in the corporation. *Meiselman v. Meiselman*, 307 S.E.2d 551, 568 (1983). To do so is a breach of the duty of loyalty.[1] *See id.*

In some contexts, it has been held that "continued employment and meaningful

---

[1] The LLC's Operating Agreement does not disclaim, but rather appears to incorporate, the traditional fiduciary duty of loyalty. (*See, e.g.*, Doc. 7-2 at 14.) Where the LLC agreement does not explicitly restrict or eliminate the default applicability of fiduciary duties, the traditional fiduciary duties apply. N.C. Gen. Stat. § 57C-10-05 (2012) ("In any case not provided for in this Chapter, the rules of law and equity shall govern."); *cf. Auriga Capital Corp. v. Gatz Props.*, 40 A.3d 839, 852 n.53 (Del. Ch. 2012) (Strine, C.) (reaching the same conclusion in light of Delaware's parallel statutory provision, Del. Code Ann. tit. 6, § 18-1104 (2012), and noting from experience the reality that LLC agreements generally "assume that such fiduciary duties are owed . . . [and then] proceed to cut back on liability for breaches of those duties through exculpation provisions or through provisions that displace the traditional duties in favor of a contractual standard addressing specific types of transactions or conduct"). And as previously discussed, these fiduciary duties are enhanced in a closely held setting.

2

participation in the management of the business may be reasonable expectations of a minority shareholder . . . ."[2] *Clark v. B.H. Holland Co., Inc.*, 852 F. Supp. 1268, 1274 (E.D.N.C. 1994) (deeming this issue a question of fact under North Carolina law, which could not be resolved on a motion for summary judgment). Such an expectation of continued employment, however, must be balanced against the employment-at-will doctrine and the corporation's legitimate business interests, and a fiduciary-duty-based safeguard of a minority shareholder's employment has been held to apply in other states primarily where the job is demonstrated to be a part of that shareholder-employee's investment. *See, e.g.*, *In re Kemp & Beatley, Inc.*, 473 N.E.2d 1173, 1178 (N.Y. 1984) (quoting 1 F. Hodge O'Neal, *Close Corporations* § 1.07 (1971)) (suggesting that when actual dividends are not paid, a minority shareholder who is discharged from employment may be effectively denied any return on his investment).

Here, the LLC has apparently been operating at a loss, which, if true, would undermine a salary-as-dividends argument, and the parties' expectations may be evidenced to some extent by the Employment Agreement, which includes a without-cause termination provision. Decca USA argues that this provision, along with the Agreement's renewable term of one year, precludes Plaintiff from having a reasonable expectation of indefinite employment. While this may be true, the Agreement suffers from some latent ambiguity,[3] investors in such corporations usually expect to be actively involved in the management and operation of the enterprise in some capacity, and

---

[2] Defendant Decca USA argues that "there is no allegation or evidence that Christian Plasman cannot participate in the management of the company as one of its managers" but offers no suggestion as to what such participation might entail or how it would advance Plaintiff Plasman's reasonable expectations or Defendants' fiduciary obligations. (Doc. 17-1 at 6.)

[3] The Agreement addresses Plaintiff Plasman's employment as "Chief Sales Executive" rather than as President and Chief Executive Officer. (Doc. 7-3 at 3.)

according to Plaintiffs' narrative, the Plasmans were not terminated for legitimate business reasons—rather, the terminations were allegedly motivated by the personal objectives of the majority shareholder, which are aligned neither with the best interests of the LLC nor with Defendants' fiduciary obligations. Accordingly, the briefing schedule will remain unaltered.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Reconsideration (Doc. 17) be **DENIED**.

Signed: November 14, 2012

Richard L. Voorhees
United States District Judge