# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
### CIVIL ACTION NO. 5:12-CV-00160-RLV-DSC

| | |
|---|---|
| BOLIER & COMPANY, LLC AND CHRISTIAN G. PLASMAN, | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) **ORDER** ) |

| | |
|---|---|
| DECCA FURNITURE (USA), INC., DECCA CONTRACT FURNITURE, LLC, RICHARD HERBST, WAI THENG TIN, TSANG C. HUNG, DECCA FURNITURE LTD., DECCA HOSPITALITY FURNISHINGS, LLC, DECCA FURNITURE CO. LTD., DONGGUAN DECCA FURNITURE CO. LTD., DARREN HUDGINS, AND DECCA HOME | ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) ) |
| DECCA FURNITURE (USA), INC., | ) ) |
| **Third Party-Plaintiff,** | ) ) |
| v. | ) ) |
| CHRISTIAN J. PLASMAN A/K/A BARRETT PLASMAN, | ) ) ) |
| **Third-Party Defendant.** | ) ) ) |

**THIS MATTER** is before the Court on Plaintiffs' Bolier & Company ("Bolier") and Christian G. Plasman ("Plasman") (collectively "Plaintiffs") Motion and Memorandum in Support of Plaintiffs' Motion to Remand to Catawba County Superior Court filed March 20, 2014. (Docs. 123, 124). Defendants Decca Furniture (USA), Decca Contract Furniture, LLC, Richard Herbst, Decca Hospitality Furnishings, LLC, Wai Theng Tin, and Darren Hudgins filed their Response in Opposition on April 7, 2014 (Doc. 128), to which Plaintiffs filed a reply on April 17, 2014 (Doc. 130).

Also before the Court is Defendants Decca Furniture (USA), Inc., Decca Contract Furniture, LLC, Richard Herbst, and Darren Hudgin's Motion and Memorandum of Law in Support of a Motion to Dismiss the First Amended Complaint filed January 24, 2014. (Doc.

111). Defendant Decca Hospitality Furnishings, LLC filed a Motion to Dismiss on February 4, 2014 incorporating by reference the memorandum filed January 24, 2014. (Doc. 113). Plaintiffs filed their Response to the January 24, 2014 Motion to Dismiss on February 24, 2014. (Doc. 118). Plaintiffs filed their Response to the February 4, 2014 Motion to Dismiss on March 20, 2014. (Doc. 125). Defendant Decca Hospitality Furnishings, LLC filed a Reply on March 31, 2014. (Doc. 126). Defendant Wai Theng Tin filed its Motion to Dismiss for Failure to State a Claim on March 17, 2014. (Doc. 122). Plaintiffs filed a Reply on March 31, 2014. (Doc. 126). Defendant Wai Theng Tin filed its Response on April 14, 2014. (Doc. 129).

The matter is now ripe for disposition.

## **ANALYSIS**

Plaintiffs contend that remand is required because this Court lacks subject matter jurisdiction over the case. Defendants argue that subject matter jurisdiction is proper and that remand is not required in circumstances where Plaintiffs' claims related to common law copyrights are preempted by § 301(a) of the Copyright Act.

The case was removed under federal question jurisdiction and there are no allegations of diversity of citizenship. (Doc. 1, Ex. 2). Therefore, the Court will determine whether federal question jurisdiction exists. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). Defendant's Notice of Removal indicated that the basis for this Court's jurisdiction is grounded in the copyright allegations in the Complaint. (Doc. 1, ¶¶ 8-9).

Plaintiffs' Complaint (Doc. 1, Ex. A., ¶¶ 192-201) and Plaintiffs' First Amended Complaint ("FAC") (Doc. 101, ¶¶ 281-291) contain allegations and claims for relief regarding copyright infringement.

3

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "[W]here federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey*, 29 F.3d at 151. Federal courts have exclusive jurisdiction over copyright claims under 28 U.S.C. § 1338(a).

Normally the well-pleaded complaint rule governs whether or not a federal question is present and a preemption defense will not allow removal. However, "[t]he jurisdictional doctrine of complete preemption . . . provide[s] a basis for federal jurisdiction: where 'Congress so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) (quoting *Darcangelo v. Verizon Commc'ns, Inc.,* 292 F.3d 181, 187 (4th Cir. 2002)). The doctrine of complete preemption recognizes that "'the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute.'" *Id.* (quoting *King v. Marriot International Inc.*, 337 F.3d 421, 425 (4th Cir. 2003)). The Fourth Circuit has ruled that "[t]he grant of exclusive jurisdiction to the federal district courts over civil actions arising under the Copyright Act, combined with the preemptive force of § 301(a), compels the conclusion that Congress intended that state-law actions preempted by § 301(a) of the Copyright Act arise under federal law." *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993). Therefore, whether this Court has jurisdiction will be resolved by determining whether § 301(a) of the Copyright Act completely preempts Plaintiffs' common law copyright claim.

Section 301(a) of the Copyright Act provides, in part, that:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified in section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. [After January 1, 1978], no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

To determine whether Plaintiffs' copyright claims are preempted by § 301(a) of the Copyright Act, there is a "two-part test . . . looking at (1) whether the claim 'falls within the subject matter of copyright' and (2) whether the claim 'protects rights that are equivalent to any of the exclusive rights of a federal copyright.'" *Tire Eng'g and Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 309 (4th Cir. 2012) (quoting *Carson v. Dynergy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003)). Both parts must be satisfied for a claim to be preempted. *Id.*

## I. The Common Law Copyright Claim Falls Within the Subject Matter of § 301(a)

Plaintiffs are attempting to pursue a common law copyright theory. Plaintiffs allege the existence of a copyright, infringement, and seek damages. Under the first step of *Shandong*, this claim "falls within the subject of copyright" because it is pursuing a copyright theory related to the use of designs.

Plaintiffs argue that because no specific furniture design or advertising or promotional piece was registered the claim does not fall within the Copyright Act. (Doc. 130 at 8-9). However, the Supreme Court has held that "§ 411(a)'s registration requirement is nonjurisdictional." *Reed Elsevier, Inc. v. Muchnik*, 559 U.S.C. 154, 169 (2010).[1] Further, Plaintiffs also argue that their common law copyright claim is not completely preempted because no furniture design could be eligible for copyright protection and thus the claim does not fall

---

[1] Section 411 deals with civil infringement actions. 17 U.S.C. § 411.

within the subject matter of the Copyright Act. (Doc. 130 at 8).[2] Specifically, Plaintiffs' state that "[n]either the Complaint nor the FAC specify an individual design element of Bolier's furniture that could be eligible for protection under the federal Copyright Act." (*Id.*)

"[W]orks may fall within the subject matter of copyright, and thus be subject to preemption, even if they contain material that is uncopyrightable under section 102." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). "[S]cope and protection are not synonyms. Moreover, the shadow actually cast by the Act's preemption is notably broader than the wing of its protection." *U.S. ex rel. Berge v. Bd. of Trs. of the Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997); *see also Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 455 (6th Cir. 2001) ("the scope of the Copyright Act's subject matter is broader than the scope of the Act's protections.").

Patry addresses Plaintiffs' arguments when stating that

> One may argue that by excluding from protection unoriginal works and otherwise unprotectible material (ideas, facts), Congress removed itself from the field. An examination of the Copyright Act's structure and purpose, however, leaves no doubt that Congress intended to occupy the field by precluding the states from extending protection in both these circumstances.

6 William F. Patry, *Patry on Copyright* § 18:13.

For furniture designs or advertising materials to be protected by the Copyright Act, they must be "original works of authorship fixed in any tangible medium of expression" which includes "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a). In addition to the originality requirement, the Copyright Act does not protect works that are useful articles defined as "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. To receive protection:

---

[2] To the extent Plaintiffs' argue that their common law copyright claim is not completely preempted because of the existence of additional claims which have differing elements, the Court notes that a pleading may contain multiple claims, *see* Fed. R. Civ. P. 8. For example, the fact that Plaintiffs' have alleged a breach of contract does not change the analysis of whether or not their claims for relief regarding common law copyright are completely preempted.

> [T]he design of a useful article . . . shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101.

Furniture designs are generally not copyrightable due to the fact that they are considered purely utilitarian and thus useful articles. *See Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 429 (4th Cir. 2010). However, some "individual design elements" in furniture may be copyrightable. *Pan-Am Prods. & Holdings, L.L.C. v. R.T.G. Furniture Corp.*, 825 F.Supp.2d 664, 698 (M.D.N.C. 2001).

Further, some advertising and promotional material is copyrightable provided it satisfies the requirements of the Copyright Act. *See, e.g., Silver Ring Splint Co. v. Digisplint, Inc.*, 543 F.Supp.2d 509, 518 (W.D. Va. 2008) (referring to "advertising copy."). This type of material may potentially run afoul of the originality requirement set out in § 102(a).

The plain meaning of § 301(a) and the requirements set out for protection under the Copyright Act dictate a holding that common law copyright claims related to furniture designs fall within the subject matter of copyright for the purposes of preemption. The statutory scheme allows some furniture designs to be protected and others not to be. However, all furniture designs fall within the subject matter (scope) of the Copyright Act because Congress covered them under § 102(a). The fact that Congress excluded designs that qualify as useful articles is relative only to whether they are protectable. *Berge* provides that "scope and protection are not synonyms." Therefore, Plaintiffs' claims related to furniture designs fall within the subject matter of the Copyright Act.

For the same reasons, the Court must hold that advertising and promotional materials fall within the subject matter of the Copyright Act. For example, while a piece of advertising

7

material may be a "graphic work," it may not be original. Advertising and promotional material fall within the subject matter of the Copyright Act; however, all advertising and promotional material may not be protectable. Therefore, Plaintiffs' claims related to advertising and furniture designs fall within the subject matter of the Copyright Act.

Section 301(a) dictates that if the material comes within the subject matter of the Act, the protection offered under the Copyright Act is "exclusive" if a claim for relief is deemed equivalent. Therefore, Plaintiffs' common law copyright claims for furniture designs, advertising materials, and promotional materials will be completely preempted by the Copyright Act if the claims advanced are deemed equivalent.

## II. The Common Law Copyright Claim is Equivalent

In determining whether a claim is equivalent, the Court refers to the elements of the alleged claim. *Shandong*, 682 F.3d at 309. "A state cause of action is not 'equivalent' and avoids preemption if the action requires an 'extra element [that] transform[s] the nature of the action' 'making it qualitatively different from a copyright infringement claim.'" *Id.* (internal citations omitted). However, a claim will arise under the Act and thus be preempted if it pursues a suit for infringement. *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 970 (4th Cir. 1990).

"A plaintiff claiming copyright infringement must establish 'ownership of the copyright by the plaintiff and copying by the defendant.'" *Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (quoting *Keeler Brass Co. v. Cont'l Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988).

Here, Plaintiffs' original Complaint alleged that "Bolier owns copyrights, including, without limitation, common law copyrights" and that Defendants "are unlawfully and without

8

Bolier's permission using Bolier's designs . . . in violation of the agreement with Bolier." (Doc. 1, Ex. A, ¶ 196, 200). Plaintiffs sought damages for this violation under a heading which explicitly stated that the claim for relief included "Copyright Infringement." (Doc. 1, Ex. A, ¶ 200). Plaintiffs' FAC continued the use of a "Copyright Infringement" claim for relief and alleges that "Bolier owns common law copyrights" which Defendants "are infringing." (Doc. 1, Ex. A, ¶¶ 285, 290). Plaintiffs seek damages, in part for the "unlawful use of Bolier's designs." (Doc. 1, Ex. A, ¶ 291).

Under the second equivalency step, there is no additional element in Plaintiffs cause of action that would transform it into a state law claim. Plaintiffs have alleged only that they own a copyright and that Defendants are committing infringement. Therefore, Plaintiffs' common law copyright theory is preempted by the § 301(a) of the Copyright Act and arises under federal law for the purposes of subject matter jurisdiction.

### III. Dismissal of the Copyright Claims

Having found that the common law copyright claims are preempted by the Copyright Act, the Court will address Defendants' motion to dismiss. At the outset, "all parties have agreed that Plaintiffs' Complaint and FAC do not make federal copyright claims." (Doc. 130 at 5). Plaintiffs admit that "there was never any effort to register copyrights." (Doc. 130 at 9).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to "test[ ] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). In deciding a Rule 12(b)(6) motion, the court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor, *Ibarra v.*

*United States*, 120 F.3d 472, 474 (4th Cir.1997).  This requirement applies only to facts, not legal conclusions, however.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," a plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Id*. at 555, 570; *see Iqbal*, 556 U.S. 662.  Under *Iqbal*, the court performs a two-step analysis.  First, it separates factual allegations from allegations not entitled to the assumption of truth (i.e., conclusory allegations, bare assertions amounting to nothing more than a "formulaic recitation of the elements").  Second, it determines whether the factual allegations, which are accepted as true, "plausibly suggest an entitlement to relief."  556 U.S. at 681.

A prerequisite to maintain a copyright infringement action is registration of the copyright. 17 U.S.C. § 411(a); *see Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim.").  Nowhere in Plaintiffs' Complaint or FAC is an allegation that Plaintiffs have registered a copyright.  Therefore, Plaintiffs' common law copyright fails as a matter of law.

**IV.     Remand to State Court**

"A district court's decision whether to exercise [supplemental jurisdiction] after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). 28 U.S.C. § 1367(c) provides that a court may decline supplemental jurisdiction over a claim if:

> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Here, the Court finds that the factors weigh in favor of remanding the remaining claims to state court.

The Court finds that the parties will not be unduly inconvenienced by litigating the remaining claims in state court. The Court has excised one only federal claim. The current stage in litigation is amenable to remand because Defendants have yet to respond to Plaintiffs' FAC. Therefore, the Court finds that the fairness factor favors remand.

Considerations of comity and federal policy also favor remand. "Federal courts are courts of limited jurisdiction." *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 584 (4th Cir. 2012). Plaintiffs' concede the fact that "[t]he pleadings do not state a federal cause of action." (Doc. 123, ¶¶ 1, 9-11). The complete preemption defense that provided this Court with jurisdiction has been resolved and was substantially predominated by the remaining state law claims at the outset.

Considerations of judicial economy also favor remand.  The remaining claims are better suited to the determination of the Superior Court which has expertise in interpreting the North Carolina Limited Liability Company Act and Unfair and Deceptive Trade Practices Act.

### **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that

(1) Plaintiffs' Motion to Remand due to Lack of Subject Matter Jurisdiction (Doc. 123) be **DENIED**;

(2) The case be **REMANDED** to the Catawba County General Court of Justice, Superior Court Division under 28 U.S.C. § 1367(c);

(3) Defendants Decca Furniture (USA), Inc., Decca Contract Furniture, LLC, Richard Herbst, and Darren Hudgin's Motion to Dismiss the First Amended Complaint (Doc. 111) be **GRANTED IN PART** to dismiss Plaintiffs' common law copyright claim and the remainder be **DEFERRED** to the state court upon remand;

(4) Defendant Decca Hospitality Furnishings, LLC Motion to Dismiss be **GRANTED IN PART** to dismiss Plaintiffs' common law copyright claim and the remainder be **DEFERRED** to the state court upon remand;

(5) Defendant Wai Theng Tin filed its Motion to Dismiss for Failure to State a Claim be **GRANTED IN PART** to dismiss Plaintiffs' common law copyright claim and the remainder be **DEFERRED** to the state court upon remand;

(6) All remaining claims and motions, including the third-party action, are **DEFERRED** and **REMANDED** for consideration by the state court.

Signed:  September 19, 2014

Richard L. Voorhees
United States District Judge